UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HENRY SAYE GOFAN JUNIOR,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DARLENE J. PEREKSTA, et al.,<br><br>　　　　　Defendants. | Civil Action No. 16-8559 (PGS)<br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on a civil rights Complaint filed by Plaintiff Henry Saye Gofan Junior. Plaintiff appears to be a pretrial detainee who is being prosecuted for unspecified crimes by the State of New Jersey. ECF No. 1 at 2. Most of the claims in the Complaint appear to center around this criminal prosecution, although there are a few conditions of confinement claims regarding his incarceration, most notably excessive force claims against certain correctional officers. ECF No. 1 at 61. The Complaint names 45 defendants. As Plaintiff has been granted *in forma pauperis* status, the Court must review the Complaint to see if it is subject to dismissal under 28 U.S.C. §1915(e)(2)(B), on the account that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. It appearing:

1. A plaintiff can pursue a cause of action under § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Thus, to state a claim for relief under § 1983, a plaintiff must establish, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-1 (1999); *Morrow v. Balaski*, 719 F.3d 160, 166-7 (3d Cir. 2013).

2. Defendants Edward A. Belmount, Kathleen Redpath Perez, Mark A. Fury, Alson Riddick, Vernon Clash, Stephen E. Slaven, Laura Allison Yeade, Davit L. Soffer, Jessica Lyons, Anthony Cowell, and Kevin Mitchell are all either attorneys from the Public Defender's Office ("PDO") or private attorneys who at one time or another defended Plaintiff in the criminal proceedings (collectively referred to as "PDO Defendants"). However, neither public defenders nor private attorneys are state actors liable under § 1983, because they are not persons acting under the color of law. *See Vermont v. Brillon*, 556 U.S. 81, 91 (2009) ("[T]he relationship between a defendant and the public defender representing him is identical to that existing between any other lawyer and client. Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor.") (citation and quotation omitted); *Rieco v. Hebe*, No. 15-2323, 2015 WL 9583987, at *2 (3d Cir. Dec. 31, 2015) ("Public defenders are generally not considered state actors for § 1983 purposes when acting in their capacities as attorneys.") (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981)); *Jackson v. City of Erie Police Dep't*, 570 F. App'x 112, 113 (3d Cir. 2014) ("[P]rivate defense attorney cannot be construed as a person acting under the 'color of state law' within the meaning of § 1983") (citing *Polk Cty.*, 454 U.S. at 317-25); *Bullock v. Sloane Toyota, Inc.*, 415 F. App'x 386, 389 (3d Cir. 2011) (private attorney not liable under § 1983 because plaintiff has not set forth any facts to demonstrate that her attorney was a state actor or acted under

color of state law). As such, all claims against the PDO Defendants are dismissed prejudice, and the PDO Defendants are dismissed from the case.

3. Defendants Darlene J. Pereksta and Thomas M. Brown are judges who either presided or is presiding over Plaintiff's criminal case. However, judges are absolutely immune from suit for actions taken in their judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Kaplan v. Miller*, 653 F. App'x 87, 89 (3d Cir. 2016) ("[J]udges are immune from suit under section 1983 for monetary damages arising from their judicial acts.") (quoting *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000)). "[J]udicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles*, 502 U.S. at 11. Here, all of the allegations against Defendants Pereksta and Brown are acts they have taken in their capacity as judges, so they are immune from Plaintiff's claims. As such, all claims against them are dismissed with prejudice, and they are dismissed from the case.

4. The vast majority of the claims of in the Complaint concern Plaintiff's allegations that he was falsely accused and prosecuted. The Court construes these claims against various defendants as raising claims of malicious prosecution. To state such a claim, Plaintiff is required to plead that "(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Kossler v. Crisanti*, 564 F.3d 181. 186 (3d Cir. 2009) (en banc) (internal quotation marks omitted). Here, it is clear from the Complaint that the criminal prosecution is ongoing, therefore no outcome favorable to Plaintiff could have occurred. Furthermore, with regard to Plaintiff's claims against

Defendants Laura Kotarba, Kathleen Petrucci, Skylar Weissman, Stacey Guerds, Cyntha Liccardo, and Angelo J. Onofri, prosecutors from the Mercer County Prosecutor's Office, "[t]he arrest of a criminal defendant and the filing of charges are at the core of the prosecutorial function, and '[a] prosecutor is absolutely immune when making [the decision to initiate a prosecution], even where he acts without a good faith belief that any wrongdoing has occurred.'" *Munchinski v. Soloman*, 618 F. App'x 150, 154 (3d Cir. 2015) (quoting *Kulwicki v. Dawson*, 969 F.2d 1454, 1464 (3d Cir. 1992)). Thus, the Complaint fails to plead an essential element of the malicious prosecution claims, and those claims are dismissed from the case without prejudice.

5. The Complaint also asserts that various defendants withheld exculpatory evidence from Plaintiff. However, because the omission of exculpatory evidence implicates a defendant's right to fair trial, such omission is not a cognizable claim under § 1983 unless the plaintiff has been *tried* for a crime, and such trial implicates the omission—without a trial, the concept of "exculpatory evidence" would make no logical sense, and Plaintiff would suffer no injury. *See Anderson v. Venango Cty., Pa.*, 458 F. App'x 161, 164 (3d Cir. 2012) (finding that to prevail on a § 1983 claim predicated on the omission of evidence, "the plaintiff must show that the government's alleged pretrial misconduct resulted in an unfair trial," so there can be no claim if the plaintiff was never tried); *cf. Renda v. King*, 347 F.3d 550, 557 (3d Cir. 2003) ("[A] plaintiff may not base a § 1983 claim on the mere fact that the police questioned the plaintiff in custody without providing *Miranda* warnings where there is no claim that the statements obtained in violation of *Miranda* were used against the plaintiff[.]"). As the Complaint alleges that Plaintiff is a pretrial detainee, he has not been tried for any crime as a result of the alleged omission. Hence, Plaintiff fails to state a claim upon which relief may be granted on his omission of evidence claims.

6. The Complaint further asserts claims of conspiracy and fraudulent concealment against various defendants, but those claims consist of only conclusory allegations, without a single factual allegation that would imply that such fraud claims are plausible. Fraud claims are subject to the heightened pleading requirements under Federal Rule of Civil Procedure 9(b), which the Complaint does not appear to meet. *Polhill v. FedEx Ground Package Sys.*, 604 F. App'x 104, 106 (3d Cir. 2015) ("Polhill would have to comply with Rule 9(b)'s particularity requirement in setting forth the alleged misconduct [of fraudulent misrepresentation and concealment]."). For example, Plaintiff alleges that "whatever secret plan they prosecutor, judges, probation officer, and public defenders came up with before I came in the court room was fraudulent and also deceitful, with the intent to deceive me out of my constitutional rights to liberty." ECF No. 1 at 27. Essentially, Plaintiff's theory is that because he did not understand what was going on, and bad things happened to him, there must have been conspiracy and fraud. The Court will not accept such conclusory allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that courts are free to ignore factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me"). Accordingly, Plaintiff's conspiracy and fraudulent concealment claims are dismissed without prejudice as unsupported by plausible factual allegations. Defendants Laura Kotarba, Kathleen Petrucci, Skylar Weissman, Stacey Guerds, Cyntha Liccardo, and Angelo J. Onofri are dismissed from the case now that all claims against them, based on the Court's construction of the Complaint, have been dismissed.

7. The remaining claims in the Complaint, including but not limited to claims of false arrest, illegal seizure, denial of access to the courts, and excessive force, are permitted to proceed.

8. Finally, the Court addresses Plaintiff's motion for bail reduction, ECF No. 3. The Court construes the motion as asserting that Plaintiff's bail, set by the state court, was excessive.

However, the relief Plaintiff seeks, a reduction of his bail, is essentially a challenge to his current confinement, which must be raised in a federal habeas petition, not in a civil rights action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). Hence, the motion is denied.

IT IS therefore on this __2 nd__ day of __February__, 2017,

**OREDERED** that all §1983 claims against Defendants Edward A. Belmount, Kathleen Redpath Perez, Mark A. Fury, Alson Riddick, Vernon Clash, Stephen E. Slaven, Laura Allison Yeade, Davit L. Soffer, Jessica Lyons, Anthony Cowell, Kevin Mitchell, Darlene J. Pereksta, and Thomas M. Brown are hereby **DISMISSED WITH PREJUDICE**; it is further

**ORDERED** that Plaintiff's claims regarding malicious prosecution, withholding of exculpatory evidence, conspiracy, and fraudulent concealment are hereby **DISMISSED WITHOUT PREJUDICE**; it is further

**ORDERED** that Defendants Edward A. Belmount, Kathleen Redpath Perez, Mark A. Fury, Alson Riddick, Vernon Clash, Stephen E. Slaven, Laura Allison Yeade, Davit L. Soffer, Jessica Lyons, Anthony Cowell, Kevin Mitchell, Darlene J. Pereksta, Thomas M. Brown, Laura Kotarba, Kathleen Petrucci, Skylar Weissman, Stacey Guerds, Cyntha Liccardo, and Angelo J. Onofri are hereby **DISMISSED** from the case; it is further

**ORDERED** that the motion for bail reduction, ECF No. 3, is hereby **DENIED**; it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(d), the Clerk shall issue summons and the United States Marshal shall serve summons, the Complaint and this Order upon Defendants, with all costs of service advanced by the United States[1]; it is further

**ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), Defendants shall file and serve an answer, see Fed. R. Civ. P. 12(a)(1)(A); it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

**ORDERED** that, if at any time prior to the filing of a notice of appearance by Defendants, Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service.[2]

**ORDERED** that the Clerk shall serve a copy of this Order upon Plaintiff by regular mail.

_____
Peter G. Sheridan, U.S.D.J.

---

[1] Alternatively, the U.S. Marshal may notify defendants that an action has been commenced and request that the defendants waive personal service of a summons in accordance with Fed. R. Civ. P. 4(d).

[2] After an attorney files a notice of appearance on behalf of a Defendant, the attorney will automatically be electronically served all documents that are filed in the case.