## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

HENRY SAYE GOFAN JUNIOR,

      Plaintiff,

      v.

STEVEN ELMER,

      Defendant.

Civ. No. 16-8559 (PGS)(LHG)

MEMORANDUM

## PETER G. SHERIDAN, U.S.D.J.

      Plaintiff, Henry Saye Gofan Junior ("Plaintiff"), is proceeding through the law firm of Greenberg Traurig, LLC, appointed counsel with a civil rights complaint against the sole remaining Defendant Steven Elmer ("Defendant"). Presently pending before this Court is Defendant Elmer's motion for summary judgment. (ECF No. 212.) For the following reasons, the motion for summary judgment is granted.

I.

      Plaintiff, who was initially *pro se*, filed his Complaint with this Court on November 16, 2016. The Court address only the facts relevant to Defendant's motion for summary judgment.

      On May 6, 2014, Plaintiff was at the Trenton Transit Center in Trenton, New Jersey. (ECF No. 212-1, Def.'s Statement of Material Facts ("DSOMF") ¶ 1; ECF

No. 212-3 at 5-20, Pl.'s Dep. at 16:14-15.) While at the train station, Plaintiff had "words" with someone. (Pl.'s Dep. at 16:19-21.) Police officers came and asked Plaintiff to leave. (DSOMF ¶ 2; Pl.'s Dep. at 16:21-17:6.) Plaintiff admits he had been drinking, and Defendant, who was a New Jersey Transit Police Officer at the time, states Plaintiff appeared heavily intoxicated. (DSOMF ¶¶ 3, 4; Pl.'s Dep. at 20:21-21:5; ECF No. 212-3 at 22-26, Certification of Steven Elmer ("Elmer's Cert.") ¶¶ 3, 8.)

Plaintiff testified at his deposition that he went outside and was talking to a female and a male when a police officer drove by. (Pl.'s Dep. at 21:12-22:6.) Plaintiff stated that he then got in a car and drove off. (Id. at 22:7-23:2.) Defendant Elmer observed Plaintiff get into a vehicle's passenger side and then move over to the driver's seat and begin to drive away. (DSOMF ¶ 7; Elmer's Cert. ¶ 12.)

Plaintiff testified that upon driving off, he noticed an officer had his siren lights activated on his vehicle behind him. (Pl.'s Dep. at 24:1-9.) Plaintiff states that he was not sure if he was being pulled over, but he decided to park his car. (Id. at 24:10-25:6.) Plaintiff hit a truck while attempting to park his vehicle. (Id. at 25:9-10.) Defendant Elmer declares that he attempted to initiate a motor vehicle stop, at which point Plaintiff "fled at a very high rate of speed." (Elmer's Cert. ¶ 13.) Defendant Elmer pursued Plaintiff, and the pursuit ended when Plaintiff's vehicle struck a parked truck. (Id. ¶¶ 14-16.)

Defendant stopped behind Plaintiff's vehicle and approached the driver's side of Plaintiff's vehicle. (DSOMF ¶ 9; Elmer's Cert. ¶ 17; Pl.'s Dep. at 25:7-15.) Plaintiff testified that Defendant approached Plaintiff's open car window and requested Plaintiff's license and registration. (Pl.'s Dep. at 27:9-24.) Plaintiff told Defendant that he did not have a license. (DSOMF ¶ 10; Pl.'s Dep. at 28:2-3.) Defendant then instructed Plaintiff to exit the vehicle. (Elmer's Cert. ¶ 18; Pl.'s Dep. at 28:8-9.) Defendant indicates that Plaintiff refused to exit the vehicle. (Elmer's Cert. ¶ 18.) Plaintiff testified that he informed Defendant that his door did not work. (Pl.'s Dep. at 28:9-10.)

Defendant and Plaintiff's versions of what occurred next differ. Defendant declares that after Plaintiff was non-compliant with Defendant's order to exit the vehicle, Defendant employed his "OC" spray on Plaintiff. (Elmer's Cert. ¶ 20.) A New Jersey Transit Police Officer then arrived at the scene and assisted Defendant in pulling Plaintiff from the vehicle through the passenger side. (*Id.* ¶ 21.) According to Defendant, Plaintiff was physically resisting arrest and would not allow himself to be handcuffed. (*Id.* ¶ 22.) Plaintiff testified that once he was "yanked" out of the car, he was put on the ground and Defendant put his knee in Plaintiff's back and was twisting Plaintiff's arms. (Pl.'s Dep. at 29:21-24.) Plaintiff was eventually handcuffed. (Elmer's Cert. ¶ 23.)

3

Plaintiff testified that he was placed in the back of a police car and taken to the hospital. (Pl.'s Dep. at 32:9-13, 33:15-16.) Defendant states Plaintiff refused to give his name and refused to submit to a breathalyzer test so he transported Plaintiff to the hospital where a blood test could occur. (DSOMF ¶¶ 13, 14; Elmer's Cert. ¶¶ 24-28.)

At the hospital, Plaintiff refused to give his name, so fingerprints were taken to reveal his identity. (DSOMF ¶ 15, Elmer's Cert. ¶ 29; Pl.'s Dep. at 35:17-19.) Plaintiff testified that he refused to consent to his blood being taken and Defendant ordered hospital staff to take Plaintiff's blood. (Pl.'s Dep. at 40:16-41:16.) Defendant had obtained a blood draw warrant from a Judge of the Superior Court of New Jersey, Mercer County. (DSOMF ¶¶ 16, 17; Elmer's Cert. ¶¶ 30-33.) The blood draw warrant was authorized and signed off by the Honorable Thomas M. Brown, J.S.C. (DSOMF ¶ 18; *see* ECF No. 212-3 at 66, Blood Draw Warrant.) Defendant returned to the hospital and advised staff that a warrant had been obtained for a blood withdraw. (DSOMF ¶ 19, Elmer's Cert. ¶¶ 33, 34.)

This Court previously summarized the procedural history of this matter as follows:

> In 2016, Plaintiff brought this federal civil rights suit against numerous parties, including Elmer. (*See* ECF 1). In February 2017, this Court screened Plaintiff's initial complaint and permitted Plaintiff's claims against Elmer to proceed. (*See* ECF 7). In June, 2017, Elmer filed a motion to dismiss. (*See* ECF 38). In October 2017, this

Court administratively terminated Elmer's motion to dismiss, but permitted him to file a motion for summary judgment within thirty days of filing an answer to the complaint. (*See* ECF 50). Elmer then filed an answer. (*See* ECF 57).

In December, 2017, Elmer filed his first motion for summary judgment. (*See* ECF 68). In June 2018, this Court granted in part and denied in part Elmer's first motion for summary judgment. (*See* ECF 92 & 93).

[The Court found Defendant Elmer was entitled to qualified immunity on Plaintiff's false arrest claim but found Defendant Elmer had not shown that he was entitled to qualified immunity on Plaintiff's excessive force claim. (*See generally* ECF No. 92.)]

. . .

Thus, after this Court's June, 2018 decision, Plaintiff's remaining claims against Elmer were for excessive force as well as fingerprinting and taking blood without a warrant.

The parties then conducted further discovery with respect to Plaintiff's claims against Elmer. Plaintiff was deposed by Elmer's counsel on January 30, 2020. (*See* Pl.'s Dep., ECF 176-6).

Elmer filed another motion for summary judgment in August, 2020. (*See* ECF 176).

(ECF No. 196 at 4-9.)

On March 31, 2021, the Court granted in part and denied in part Defendant's second motion for summary judgment. (*See* ECF No. 196.) The Court found Defendant was entitled to summary judgment on Plaintiff's fingerprinting claim

because Plaintiff was properly seized. (*Id.* at 17.) The Court found Defendant was not entitled to summary judgment based on qualified immunity on Plaintiff's excessive force claim. (*Id.* at 9-17.) Finally, the Court found Defendant was not entitled to summary judgment on Plaintiff's claim of a warrantless blood draw because Defendant failed to supply this Court with a copy of the warrant. (*Id.* at 17-18.) Thus, after this Court's March, 2021 decision, Plaintiff's remaining claims against Defendant were for excessive force and taking blood without a warrant.

On June 22, 2022, Defendant filed the instant motion for summary judgment. (ECF No. 212.) Defendant argues that Plaintiff's remaining claims are time-barred based on the relevant statute of limitations. (*See* ECF No. 212-2 at 12-16.) Defendant also argues again the Plaintiff's blood was drawn pursuant to valid warrant. (*See id.* at 16-17.) On October 18, 2022, Plaintiff filed an opposition to the motion for summary judgment. (ECF No. 218.) Defendant filed a reply. (ECF No. 220.) The Court held oral argument on the motion for summary judgment on November 16, 2022.

## II.

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law" and a dispute about a material fact is genuine

6

"if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude the Court from granting a motion for summary judgment. *See id.*

A party moving for summary judgment has the initial burden of showing the basis for its motion and must demonstrate that there is an absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "A party asserting that a fact [is not] genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents . . ., affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). After the moving party adequately supports its motion, the burden shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (internal quotation marks omitted). To withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict the moving party. *See Anderson*, 477 U.S. at 250. "[I]f the non-movant's evidence is merely 'colorable' or is 'not significantly probative,' the court may grant summary judgment." *Messa v. Omaha Prop. & Cas.*

7

*Ins. Co.*, 122 F. Supp. 2d 523, 528 (D.N.J. 2000) (quoting *Anderson*, 477 U.S. at 249-50)). "If reasonable minds could differ as to the import of the evidence," however, summary judgment is not appropriate. *See Anderson*, 477 U.S. at 250-51.

"In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the nonmoving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor." *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255). The Court's role in deciding a motion for summary judgment is simply "to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. Ultimately, there is "no genuine issue as to any material fact" if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex*, 477 U.S. at 322.

### III.

Defendant Elmer argues Plaintiff's excessive force and warrantless blood draw claims are barred by the applicable statute of limitations. (ECF No. 212-2 at 12-16.)

"It is well-settled that actions seeking a remedy under 42 U.S.C. § 1983 are governed by the statute of limitation applicable to state personal injury claims, depending on where the cause of action accrued." *County of Hudson v. Janiszewski*, 520 F. Supp. 2d 631, 649 (D.N.J. 2007) (citing *Cito v. Bridgewater Twp. Police*

*Dep't*, 892 F.2d 23, 25 (3d Cir. 1989). A two-year statute of limitations period applies to personal injury claims in New Jersey. N.J.S.A. 2A:14-2. Thus, claims brought pursuant to § 1983 that accrued in New Jersey are subject to a two-year statute of limitations period. *Cito*, 892 F.2d at 25. While the statute of limitations period is determined by state law, federal law governs when the cause of action accrued. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). A cause of action accrues once the plaintiff has a "complete and present cause of action" meaning "the plaintiff can file suit and obtain relief." *Id.* (quoting *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201, 118 S.Ct. 542, 139 L.Ed.2d 553 (1997). Importantly, the date of accrual stems from the date when a plaintiff knew or should have known that the injury occurred, not when a plaintiff realizes he or she realizes the injury gives rise to a legally cognizable claim. *Pederson v. Nat'l Collegiate Athletics Ass'n*, No. 14-2544, 2015 WL 7573200, at *3 n.5 (D.N.J. Nov. 24, 2015).

A Fourth Amendment claim will accrue at the time of the allegedly wrongful search or seizure. *See Bullock v. Borough of Roselle*, No. 17-13208, 2018 WL 4179481, at *5 (D.N.J. Aug. 31, 2018). A § 1983 unreasonable search and seizure warrantless blood draw claim is analyzed under the Fourth Amendment. *Missouri v. McNeely*, 569 U.S. 141, 145 (2013). A § 1983 claim of excessive force in connection with an arrest is also analyzed under the Fourth Amendment and accrues at the time

9

of the arrest. *See Graham v. Connor*, 490 U.S. 386 (1989); *Brown v. Buck*, 614 F. App'x 590, 592 (3d Cir. 2015).

As discussed above, the events giving rise to Plaintiff's warrantless blood draw and excessive force claims stem from actions that occurred on May 16, 2014. Plaintiff would have known of the injuries that constitutes the basis for his excessive force claim and blood draw claim when the alleged mistreatment occurred on May 16, 2014. *See Large v. Cty. of Montgomery*, 307 F. App'x 606, 607 (3d Cir. 2009); *Cooper v. Gloucester Cty. Corr. Officers*, Civ. A. No. 08-103, 2008 WL 305593, at *4 (D. N J. Jan. 28, 2008). Plaintiff would have two years from that date, or by May 16, 2016, to file a timely excessive force claim and warrantless blood draw claim. Plaintiff filed his original complaint on November 18, 2016, six months after the two-year statute of limitations period had run.

Plaintiff argues that Defendant has waived the statute of limitations affirmative defense. (ECF No. 218 at 5-6.) Plaintiff alleges that Defendant waited until this third motion for summary judgment to raise the statute of limitations defense. During oral argument Plaintiff acknowledged that Defendant did raise the statute of limitations affirmative defense in his answer to Plaintiff's Complaint. However, Plaintiff argues that even though the affirmative defense was raised in Defendant's answer, Defendant waived that defense by not including a statute of limitations argument in his previously filed motion to dismiss and two motions for

summary judgment. Plaintiff submits that the Court should find the defense waived because it has been six years since Plaintiff filed his Complaint in this matter. Plaintiff claims that an affirmative defense, such as the statute of limitations, must be raised "early in litigation" and failure to adhere to this rule "generally results in the waiver of that defense." *Id.* at 5 citing *Robinson v. Johnson*, 313 F.3d 128, 134 (3d Cir. 2002); *Chainey v. Street*, 523 F.3d 200, 209 (3d Cir. 2008)). The Court finds this argument unpersuasive.

Federal Rule of Civil Procedure 8(c) requires that a defendant plead an affirmative defense, such as a statute of limitations defense, in his answer. Rule 8(c) states:

> Affirmative Defenses. In pleading to a preceding pleading, a party shall set forth affirmatively . . . statute of limitations . . . and any other matter constituting an avoidance or affirmative defense.

Fed.R.Civ.P. 8(c). "[T]he purpose of requiring the defendant to plead available affirmative defenses in his answer is to avoid surprise and undue prejudice by providing the plaintiff with notice and the opportunity to demonstrate why the affirmative defense should not succeed." In re Sterten, 546 F.3d 278, 285 (3d Cir. 2008) (quotation omitted). The Third Circuit has explained that a finding of waiver of an affirmative defense is appropriate only when "the party raising the defense did not do so at a 'pragmatically sufficient time' and if the opposing party would be prejudiced if the defense were allowed." *In re Frescati Shipping Co., Ltd.*, 886 F.3d

291, 313 (3d Cir. 2018) (quoting *Charpentier v. Godsil*, 937 F.2d 859, 864 (3d Cir. 1991)).

Here, Defendant clearly raised the defense in his responsive pleading to Plaintiff's complaint. (*See* ECF No. 57 at 3.) In support of his argument that Defendant waived this affirmative defense, Plaintiff cites only to cases where a defendant failed to raise the defense of statute of limitations in their answer. (*See* ECF No. 218 at 5-6.) As Defendant here did raise a statute of limitation defense in his answer, the cases relied upon by Plaintiff are distinguishable. Defendant complied with Federal Rule of Civil Procedure 8(c) and asserted a statute of limitation defense in his answer.

Therefore, the Court finds Defendant has not waived the statute of limitations affirmative defense. Absent a basis for equitable tolling, Plaintiff claims remaining claims against Defendant are dismissed as time-barred.

The limitations period may be tolled under certain circumstances. State law governs whether the limitations period should be tolled. *McPherson v. United States*, 392 F. App'x 938, 944 (3d Cir. 2010). A plaintiff may be entitled to equitable tolling under New Jersey law

> where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum.

12

*Cason v. Arie St. Police Dep't*, No. 10-497, 2010 WL 2674399, at *5 n.4 (D.N.J. June 29, 2010) (quoting *Freeman v. New Jersey*, 788 A.2d 867, 879–80 (N.J. Super. Ct. App. Div. 2002)).

Plaintiff argues that the statute of limitations should be equitably tolled, because during the two years following this incident at issue here, Plaintiff was unable to afford adequate housing and had to move across the country to a shelter in Minnesota. (*See* ECF No. 218 at 6-7). It appears Plaintiff is asserting that he is entitled to equitable tolling because he was "in some extraordinary way" prevented from asserting his rights. The Third Circuit has explained that "exceptional circumstances" that may warrant equitable tolling arise when some extraordinary circumstance prevents a plaintiff from asserting a right despite the exercise of reasonable diligence. *See Hanani v. New Jersey Dep't of Envtl. Prot.*, 205 F. App'x 71, 76–77 (3d Cir.2006) (quoting *Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir.2003)).

Plaintiff fails to explain why his lack of adequate housing prevented him from filing his lawsuit or prevented him from asserting his rights. *See Singleton v. DA Philadelphia*, 411 F. App'x 470, 472-73 (3d. Cir. 2011) (finding the statute of limitations should not be equitably tolled when Plaintiff was on work release and did not have access to a law library.) Plaintiff also fails to demonstrate that he exercised reasonable diligence in pursuing his claims. *See Daniels v. University of*

13

*Pittsburgh Medical Center*, No. 14-1118, 2015 WL 2341265, at * 4 (W.D.P.A. May 14, 2015).  In *Daniels*, a case similar to this matter, Plaintiff failed to demonstrate that her homelessness amounted to an extraordinary circumstance that prevented her from asserting her claims in a timely manner. Plaintiff fails to cite to any cases to support the argument that lack of adequate housing is an extraordinary circumstance that would prevent an individual from asserting his rights. Equitable tolling is extraordinary relief and is appropriate only in the situations cited above in *Cason*, 2010 WL 2674399, at *5 n.4. *See Lake v. Arnold*, 232 F.3d 360, 370 n. 9 (3d Cir.2000). None of these circumstances are present in this case. Plaintiff fails to show a basis for equitable tolling.

Plaintiff's excessive force and blood withdraw claims were filed outside of the statute of limitations time period. Therefore, Plaintiff's remaining claims against Defendant Elmer must be dismissed as time-barred. The Court, therefore, grants Defendant's motion for summary judgment.

IV.

For the reasons expressed above, the Court will grant Defendant Elmer's motion for summary judgment (ECF No. 212) and will dismiss the remaining claims in this matter as time-barred. An appropriate order follows.

_____
PETER G. SHERIDAN, U.S.D.J.